T.C. Memo. 1997-564

UNITED STATES TAX COURT

ARTHUR TURCO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ELLEN TURCO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 575-96, 576-96.    Filed December 23, 1997.

<u>John R. McCabe</u>, for petitioners.

<u>Thomas A. Dombrowski</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  Respondent issued separate notices of
deficiency to Arthur and Ellen Turco for 1989, 1990, and 1991.
Mr. and Mrs. Turco filed separate petitions, and their cases have
been consolidated.  Unless otherwise indicated, all section

references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the parties agree that petitioners overpaid their taxes for 1989, 1990, and 1991.  Accordingly, the issues for decision are as follows:

1.  Whether petitioners are entitled to refunds of their 1989, 1990, and 1991 overpayments.  We hold that petitioners are entitled to refunds only of their 1990 and 1991 overpayments.

2.  Whether petitioners, pursuant to section 6654, are liable for additions to tax for underpayment of estimated taxes for 1990 and 1991.  We hold that they are liable.

                         FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  At the time Mr. and Mrs. Turco filed their petitions, they resided in Villa Park, California.

Petitioners filed Forms 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return) for 1989, 1990, and 1991 in April of 1990, 1991, and 1992, respectively.  On these forms, petitioners estimated their tax liability and paid the following amounts with each extension request:

| Date of Request | Tax Year | Amount of Payment |
|---|---|---|
| April 16, 1990 | 1989 | $6,294.85 |
| April 7, 1991 | 1990 | 10,000.00 |
| April 7, 1992 | 1991 | 30,000.00 |

Petitioners intentionally overpaid their taxes to avoid interest charges and penalties.

In January of 1993, petitioners were contacted by Internal Revenue Service (IRS) Agent Chin McClaughlin. Agent McClaughlin informed petitioners that the IRS had no record of receiving their Federal income tax returns for 1989, 1990, and 1991. Mr. Turco informed Agent McClaughlin that petitioners mailed their returns prior to the respective deadlines.

Between March and June of 1993, Agent McClaughlin and Mr. Turco met four times. At their first meeting, Mr. Turco, in response to Agent McClaughlin's request, hand-delivered photocopies of petitioners' purported 1989, 1990, and 1991 joint returns to Agent McClaughlin. On each return, petitioners reported an overpayment and requested that each overpayment be applied to the following year's tax liability. Agent McClaughlin used the photocopied returns as the basis for his audit of petitioners.

In June of 1994, the IRS informed the Turcos that they owed taxes relating to 1992. Mr. Turco spoke with Problems Resolution Officer Jackie North and requested that overpayments, from years prior to 1992, be applied to satisfy the alleged 1992 tax deficiency. Ms. North informed petitioners that she would try to accommodate the request if petitioners provided returns with original signatures. Petitioners did not comply because they believed that the IRS was attempting to trick them into tacitly

admitting that they never filed.  Mr. Turco informed Ms. North that he and his wife had filed their 1989, 1990, and 1991 tax returns twice (i.e., once when they were due and again when they delivered the returns to Agent McClaughlin).

On October 13, 1995, each petitioner received a separate statutory notice of deficiency relating to 1989, 1990, and 1991. On January 11, 1996, petitioners each filed a Tax Court petition, requesting refunds of their 1989, 1990, and 1991 overpayments. On May 9, 1997, petitioners filed properly executed Forms 1040, U.S. Individual Income Tax Return, for 1989, 1990, and 1991.

OPINION

## I.  <u>Whether Petitioners May Recover Their Overpayments</u>

The parties agree that petitioners remitted more money than they owed for 1989, 1990, and 1991.  Petitioners concede that all of the remitted funds were payments, rather than deposits.  The issue, therefore, is whether petitioners may obtain a refund of their overpayments.

To obtain a refund of an overpayment, a taxpayer must file a refund claim within the later of 3 years from the date the return was filed or 2 years from the date the tax was paid.  Sec. 6511(a).  If the 3-year period applies, the refund is limited to the tax paid during the 3 years (plus any extension of time for filing the return) immediately preceding the filing of the refund claim (3-year look-back period).  Secs. 6512(b), 6511(b)(2)(A). If the 2-year period applies, the refund is limited to the tax

paid during the 2 years immediately preceding the filing of the refund claim (2-year look-back period). Secs. 6512(b) and 6511(b)(2)(B). Before we can determine whether petitioners are entitled to refunds of their 1989, 1990, and 1991 overpayments, we must determine whether and when petitioners filed Federal income tax returns and/or refund claims.

A.  Whether Petitioners Filed Tax Returns

Respondent determined that petitioners did not file Federal income tax returns for 1989, 1990, and 1991. Petitioners, who bear the burden of proof, contend that they filed the appropriate tax returns twice. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). They assert that Mr. Turco mailed timely returns for each year in question. The IRS, however, has no record that it received returns from petitioners for these years. Moreover, petitioners have not established that they mailed the returns in question.

Petitioners further contend that they filed, for a second time, when Mr. Turco delivered photocopies of their returns to Agent McClaughlin. A return is valid only if it is verified under penalty of perjury by an original signature and filed in the appropriate office. Sec. 6061; Beard v. Commissioner, 82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986); sec. 1.6061-1(a), Income Tax Regs. Petitioners urge the Court to ignore the signature and place of filing requirements. We decline to do so

and, accordingly, conclude that petitioners did not file Federal income tax returns for 1989, 1990, and 1991.

B. Whether Petitioners Filed Refund Claims

Generally, a refund claim must be verified under penalty of perjury in order to be valid. Secs. 6061, 6065; sec. 301.6402-2(b), Proc. & Admin. Regs. It is well established, however, that an informal claim (i.e., one that contains formal defects) will suffice as long as it requests a refund and fairly advises respondent of the nature of the taxpayer's claim. United States v. Kales, 314 U.S. 186 (1941); see Lundy v. Commissioner, 516 U.S. 235 (1996). There are no bright line rules as to what constitutes an informal claim. New England Elec. Sys. v. United States, 32 Fed. Cl. 36 (1995). Rather, each case must be decided on its own particular set of facts. Id. The relevant question is whether respondent knew or should have known that a refund claim was being made. Id.; see Angelus Milling Co. v. United States, 325 U.S. 293, 297 (1945) (stating that the issue is whether respondent had notice, sufficient to focus attention on the merits of petitioner's claim).

Over a 3-month period, Agent McClaughlin reviewed the photocopied returns, along with additional information that petitioners provided pursuant Agent McClaughlin's requests. The photocopied returns contained requests for respondent to credit petitioners' overpayments to subsequent years (i.e., requests for refunds) and adequately apprised respondent that petitioners

were making refund claims.  Thus, we conclude that petitioners'
photocopied returns were informal refund claims.  Cf. <u>United
States v. Kales</u>, <u>supra</u> (finding that letters to the IRS are
informal claims).

C.  <u>Application of the Limitation Periods</u>

Because petitioners did not file returns, they are only
entitled to refunds of overpayments made within 2 years of the
filing of their informal claims.  Sec. 6511(a).  Petitioners'
1991 and 1992 payments, but not their 1990 payments, are within
the 2-year period.  See sec. 6511(b).  Therefore, petitioners are
entitled to a refund of their 1990 and 1991 overpayments.

II.  <u>Underpayment of Estimated Tax</u>

Respondent determined that petitioners are liable for
additions to tax for underpayment of their estimated taxes for
1990 and 1991.  Petitioners contend that they filed timely 1989
and 1990 returns which directed the IRS to apply their
overpayments to their 1990 and 1991 estimated taxes.  We have
concluded, however, that petitioners did not file their returns.
Accordingly, we sustain respondent's determination.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>pursuant to Rule 155</u>.